UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JESUS SOTO,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>GREG LEWIS, Warden,<br><br>　　　　　Respondent. | No. SA CV 13-1711-DDP (DFM)<br><br>Final Report and Recommendation of United States Magistrate Judge |

This Final Report and Recommendation is submitted to the Honorable Dean D. Pregerson, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.[1]

///

///

---

[1] This Final Report and Recommendation has been issued to address some of Petitioner's arguments in his Objections. As these changes do not affect the Court's analysis or conclusions, Petitioner was not given an opportunity to file additional objections.

# I.
# PROCEEDINGS

On October 22, 2013, Petitioner Jesus Soto ("Petitioner") constructively filed the underlying Petition for Writ of Habeas Corpus by a Person in State Custody, alleging eight grounds for habeas relief. Dkt. 1 ("Petition").[2] On the same day, Petitioner filed a motion seeking a stay, under Rhines v. Weber, 544 U.S. 269 (2005), in order to exhaust his unexhausted claims in state court.

The Petition presents the following eight claims for relief:

1. The evidence was insufficient to support Petitioner's convictions because he acted in self-defense ("Ground One"). Petition at 10.

2. The evidence was insufficient to support the attempted murder convictions because there was no evidence of Petitioner's intent to kill ("Ground Two"). Id.

3. Petitioner's attempted murder conviction should be reduced to attempted voluntary manslaughter because there was evidence that he was acting in the heat of passion or with the unreasonable belief in the need for self-defense ("Ground Three"). Id.

4. Trial counsel provided ineffective assistance by failing to present evidence of Petitioner's mental state to support a theory of self-defense. Petitioner also claims that counsel was ineffective for failing to advise Petitioner of his constitutional right to testify ("Ground Four"). Id. at 11.

5. Trial counsel provided ineffective assistance by failing to object to improper and incomplete jury instructions ("Ground Five"). Id.

---

[2] Petitioner is entitled to the application of the prison "mailbox rule," pursuant to Houston v. Lack, 487 U.S. 266, 276 (1988). See also Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

6.  Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial, due process, and the right to be present at all critical stages of trial when the trial court failed to play a tape of Petitioner's interview with a detective. In addition, trial counsel provided ineffective assistance by failing to object ("Ground Six"). Id.

7.  Appellate counsel provided ineffective assistance of counsel ("Ground Seven"). Id. at 12.

8.  Petitioner was denied his Fifth and Sixth Amendment rights to due process and a fair trial by the admission of prejudicial evidence of his prior conviction. In addition, appellate counsel was ineffective for failing to exhaust this issue in the California Supreme Court ("Ground Eight"). Id.

On February 24, 2014, the Court found that Petitioner was not entitled to a stay under Rhines because he failed to demonstrate good cause for his failure to first exhaust his claims in state court. Dkt. 14 at 1-2. Noting that Grounds Four, Five, Six, and Eight were found time-barred by the state courts, the Court granted Petitioner a stay pursuant to Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003), with regard to Ground Seven. Id. at 3. The Court ordered Petitioner to withdraw all of his unexhausted claims and file a petition in the California Supreme Court presenting any unexhausted claims. Id. at 4.

On March 2, 2014, Petitioner presented Grounds Four through Eight to the California Supreme Court by filing a petition for writ of habeas. See Respondent's Notice of Lodging, Lodged Documents ("LD") 13. The California Supreme Court summarily denied Petitioner's state habeas petition on July 9, 2014. LD 14. On July 10, 2014, the Court vacated the stay and ordered Respondent to respond to the Petition. Dkt. 17.

On August 1, 2014, Petitioner filed a Motion to Amend the Petition to add the newly exhausted claims and lodged a proposed First Amended Complaint. Dkt. 18 ("Motion"). On September 12, 2014, Respondent filed a

3

"Response" to Petitioner's motion to amend the Petition, arguing that Petitioner's newly-exhausted claims were time-barred and do not relate back to his exhausted claims. Dkt. 24 ("Opposition").

For the reasons discussed below, the Court recommends that Petitioner's Motion to add his newly exhausted claims be granted in part.

## II.
## BACKGROUND

An Orange County Superior Court jury convicted Petitioner of two counts of attempted murder, three counts of assault with an assault weapon, discharging a firearm with gross negligence, active participation in a street gang, being a gang member carrying a loaded gun in public, and possession of a firearm by a felon. LD 6 at 2. The jury also found the offenses were committed for the benefit of a street gang. Id. Petitioner was sentenced to 25 years to life, after which he is to serve a determinate term of 14 years. Id.

## III.
## DISCUSSION

**A.    Petitioner's Newly Exhausted Claims Are Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, including this one, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Where a petitioner pursues a direct appeal to the California Supreme Court, the limitations period begins to run when either the United States Supreme Court has denied a petition for writ of certiorari or, if no petition for

4

certiorari is filed, when the ninety-day period for filing has expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Here, the California Supreme Court denied Petitioner's petition for review on July 25, 2012, and it does not appear that Petitioner filed a petition for writ of certiorari. Therefore, Petitioner's conviction became final 90 days later, on October 23, 2012. Petitioner therefore had one year, until October 23, 2013, to timely file a habeas petition in this Court.

B. **Statutory Tolling Does Not Make the Newly Exhausted Claims Timely**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing statutory tolling provision with reference to California's postconviction procedures. The Ninth Circuit held that "the AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" Id. at 1006 (citation omitted).

In Carey v. Saffold, 536 U.S. 214, 219–21 (2002), the Supreme Court held that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the petition, and the time the petitioner files a further petition in a higher state court. However, such interval or "gap" tolling is unavailable if the petitioner unreasonably delays in seeking higher court review after a lower court petition is denied. Id. at 225–26; see also Welch v. Carey, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) ("The Supreme Court made it

very clear in Carey v. Saffold that an unreasonable delay in seeking review in the California Supreme Court from a lower court on the same claim deprives any application from being regarded as 'pending.'" (emphasis in original)).

### 1. Petitioner Is Not Entitled to Any Statutory Tolling for Grounds Four, Five, Six, and Eight

Petitioner constructively filed a petition for writ of habeas corpus in the Orange County Superior Court on August 12, 2013. LD 9. The Superior Court denied the petition in a written opinion on September 16, 2013, finding that the grounds presented in Grounds Four, Five, Six, and Eight were untimely. LD 10 at 2.

In Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), the Supreme Court held that "time limits, no matter their form, are 'filing' conditions." As a result, a state court's rejection of a habeas petition as untimely signifies that it was not "properly filed" and thus "not entitled to statutory tolling under § 2244(d)(2)." Id.; see also Allen v. Siebert, 552 U.S. 3, 6 (2007) (holding that any rule that "places a limit on how long a prisoner can wait before filing a postconviction petition" constitutes a filing condition). The California Court of Appeal and the California Supreme Court both summarily denied Petitioner's habeas petitions. Therefore, with respect to Grounds Four, Five, Six, and Eight, because they were untimely and thus not properly filed, Petitioner is not entitled to statutory tolling on these claims.

Therefore, absent any statutory tolling for Grounds Four, Five, Six, and Eight, in order to be timely filed, Petitioner would have had to file a habeas petition containing these claims by October 23, 2013. However, Petitioner did not file his Motion to Amend the Petition to add these claims until August 1, 2014, or 282 days too late.

///
///

### 2. Petitioner Is Not Entitled to Sufficient Statutory Tolling to Make Ground Seven Timely

As previously noted, the Superior Court did not find that Petitioner's claim of ineffective assistance of appellate counsel in Ground Seven was untimely. Therefore, Petitioner is entitled to statutory tolling with respect to Ground Seven from August 12, 2013, until the Superior Court denied the petition on September 16, 2013. Petitioner is also entitled to statutory tolling for Ground Seven from the time he constructively filed his habeas petition in the California Court of Appeal on October 20, 2013, and when it was denied by the appellate court on November 14, 2013, for a total of 94 days. This extended the one-year deadline to January 27, 2014.[3]

Petitioner filed a habeas petition in the California Supreme Court on March 2, 2014. However, Petitioner is not entitled to gap tolling for the time between the denial of his habeas petition in the Court of Appeal on November 14, 2013 and the filing of his habeas petition in the California Supreme Court on March 2, 2014 because this gap of 108 days is not reasonable. See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that 30- to 60-day delay between denial of previous petition and filing of petition in higher court is "reasonable" and therefore entitled to gap tolling).[4]

---

[3] Because January 25, 2014 was a Saturday, the expiration date has been extended to Monday, January 27, 2014. See Fed. R. Civ. P. 6(a)(1)(C).

[4] In his Objections, Petitioner asserts that he is entitled to gap tolling for the period between the denial of his habeas petition by the California Court of Appeal and his filing of a habeas petition in the California Supreme Court as a result of a "motion for reconsideration" he filed in the former court on January 3, 2014. Objections at 4. Petitioner attaches an unconfirmed copy of his motion as well as a similarly unconfirmed copy of an unsigned January 24, 2014 order from the California Court of Appeal allegedly denying his motion for reconsideration. Exhibits to Objections at 1-3, 4, 6.

1     Accordingly, the one-year deadline for Petitioner to file a habeas petition in this Court ended on January 27, 2014. However, Petitioner did not seek to amend his petition to add his newly exhausted claims until August 1, 2014, 186 days too late.

    Under <u>Kelly</u>, a petitioner may seek to amend his habeas petition to add newly exhausted claims only if those claims are determined to be timely. <u>See</u> <u>King v. Ryan</u>, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Because Grounds Four through Eight are not timely for the reasons discussed above, Petitioner is not entitled to amend his petition to add these claims.

**C.    Some of Petitioner's Newly Exhausted Claims Relate Back to His Original Claims**

    Fed. R. Civ. P. 15(c) provides in pertinent part that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." In <u>Mayle v. Felix,</u> 545 U.S. 644 (2005), the Supreme Court

---

    The Court rejects Petitioner's argument that this motion entitles him to gap tolling. As an initial matter, the Court takes judicial notice of the California Court of Appeal's docket in <u>In re Jesus Soto</u>, Case No. G049209, available on the California Courts' website at www.courtinfo.ca.gov, which does not reflect that any such motion was ever filed.

    Moreover, even if the Court assumes that such a motion was filed, it does not appear that Petitioner would be entitled to gap tolling based on the motion for reconsideration. Statutory tolling is permitted through "a full round" of state habeas petitions. <u>Waldrip v. Hall</u>, 548 F.3d 729, 734 (9th Cir. 2008). But statutory tolling does not apply where a petitioner files a subsequent petition in the same court. It appears that Petitioner's motion for reconsideration in the California Court of Appeal in fact raises different issues than the issues raised by his petition; as such, even if it was filed, it was arguably not part of Petitioner's one full round of state habeas review.

addressed the issue of whether an amended habeas petition, filed after the expiration of the AEDPA limitation period, relates back to the filing date of the original petition. It rejected the habeas petitioner's contention that the same "conduct, transaction, or occurrence" language of Rule 15(c) meant the same "trial, conviction or sentence." Id. at 664. There, the Supreme Court held that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659.

Thus, under Felix, once the limitation period has expired, a habeas petitioner can only add a newly exhausted claim into a pending fully exhausted federal habeas petition if the newly exhausted claim relates back to the exhausted claims alleged in the pending petition. See King, 564 F.3d at 1141-42. For purposes of the Kelly procedure, this means that, "the newly-exhausted claims, which are to be set forth in an amended petition after the stay is lifted, must relate back to claims in the fully-exhausted stayed petition." Petrocelli v. McDaniel, No. 94-0459, 2011 WL 868662, at *19 (D. Nev. Mar. 10, 2011); see also Leonard v. Ahlin, No. 10-1701, 2010 WL 3245480, at *1 (E.D. Cal. Aug. 16, 2010) ("[U]sing the Kelly procedure means that the newly-exhausted claims set forth in any amended petition must relate back to the claims in the stayed petition; in other words, 'the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim.'" (quoting King, 564 F.3d at 1141)).

### 1. Grounds Four and Five "Relate Back" to the Original Claims

Petitioner's three exhausted claims all relate to his contention that he acted in self-defense when he committed the attempted murders and

9

aggravated assaults. In Ground Four, Petitioner contends that trial counsel provided ineffective assistance by failing to adequately support this defense theory, specifically by failing to put Petitioner on the stand to testify as to his state of mind. Petition at 11. In Ground Five, Petitioner argues that trial counsel was ineffective for failing to request other jury instructions that supported Petitioner's self-defense theory, such as instructions regarding defense of home and others and lawful resistance to the commission of a public offense. Id. Thus, there is a "common core of operative facts" which connects Petitioner's original claims with the claims in Grounds Four and Five.

### 2. Grounds Six, Seven, and Eight Do Not "Relate Back" to the Original Claims

In Ground Six, Petitioner contends that his constitutional rights were violated when the trial court failed to play a tape of an interview by police with Petitioner and with one of the victims in open court. Petitioner also argues that trial counsel was ineffective for failing to object to the trial court's exclusion of the audiotapes. Id. In Ground Seven, Petitioner argues that appellate counsel provided ineffective assistance by failing to raise on appeal trial counsel's ineffective assistance in failing to object to the exclusion of the taped interviews. Id. at 12. Finally, in Ground Eight, Petitioner argues that his constitutional rights were violated by the admission of prejudicial evidence of a prior conviction. Id. He also claims that appellate counsel was ineffective for failing to exhaust this claim in the California Supreme Court. Id.[5]

As noted above, Petitioner's original claims all relate to his contention that he acted in self-defense. Grounds Six through Eight are unrelated to

---

[5] Petitioner raised this claim in his direct appeal to the California Court of Appeal, see LD 6 at 9-12, but failed to raise it in his petition for review in the California Supreme Court. See LD 7.

Petitioner's self-defense theory. Because these claims "assert[] a new ground for relief supported by facts that differ in both time and type from" those in Petitioner's exhausted claims, they do not relate back to the original filing date of the Petition. Accordingly, Petitioner should not be permitted to amend the Petition to add Grounds Six through Eight because they are untimely and do not relate back to the original claims.

## IV.
## CONCLUSION

IT IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Final Report and Recommendation; (2) granting Petitioner's motion to amend the Petition to add Grounds Four and Five; (3) denying Petitioner's motion to amend the Petition to add Grounds Six through Eight; and (4) ordering Petitioner to submit for filing within twenty-eight (28) days a revised proposed First Amended Complaint that omits Grounds Six through Eight.

Dated: November 18, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge